UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11766-RGS

CONSERVATION LAW FOUNDATION, INC.

v.

CHELSEA SANDWICH LLC and
GLOBAL COMPANIES LLC

MEMORANDUM AND ORDER
ON ENTRY OF FINAL JUDGMENT

August 19, 2026

STEARNS, D.J.

This citizen's environmental lawsuit involves violations of National Pollutant Discharge Elimination System (NPDES) permits at two oil storage terminals operated by defendants Global Companies LLC and Chelsea Sandwich LLC at sites in Revere and Chelsea, Massachusetts (the Revere Terminal and the Chelsea Terminal). The Terminals are adjacent to and feed into the Boston Harbor.[1] Over the last two years, the parties have

[1] The Revere Terminal site is no longer at issue as the court entered judgment for defendants after receiving undisputed evidence that the Revere NPDES permit had been irrevocably terminated and the Revere Terminal permanently mothballed. *See* Dkt # 95.

thoroughly (and ably) litigated the case. The court sees no need to rehearse here the history that is well laid out in the official record.

Before the court now are the parties' competing proposals for an entry of final judgment on the narrow issue that remains. After careful consideration of the record, informed as it is by the court's involvement in each prior phase of the case, the court will enter final judgment essentially within the parameters proposed by defendants with a brief statement of the court's reasoning. In sum, the court will impose a civil penalty of $100,000 ($25,000 per violation) to be paid by defendant Global with respect to the four remaining sample-timing claims attributed to the Chelsea Terminal. The court intends the penalty to serve as a specific deterrent to any future laxity by Global with respect to continuing compliance.[2]

The court declines to impose any harsher penalty based on its satisfaction that Global, under prodding by plaintiffs in this case, and in the

---

[2] For that reason, the court imposes the penalty without any corresponding offset for the installation or incremental operating costs of the new system (as Global otherwise requests). At the same time, given its finding that Global has acted largely in good faith, the court is not persuaded that Global's corporate profitability is a factor militating in favor of the $71 million plus penalty that Conservation Law Foundation (CLF) seeks. The court sees no evidence that Global has sought to "teach other large polluters that it is imprudent [sic] to save compliance expenses by delaying implementation of mitigation measures." CLF's Proposed Final Judgment, Dkt # 98 at 26.

first instance by the Environmental Protection Agency (EPA), has installed a modernized treatment system at the Chelse Terminal that, as of this writing, has performed without fault for well over a year.[3] And while not minimizing the seriousness of any effluent discharge by a permit holder in violation of the Clean Water Act, the court notes that plaintiffs have failed to demonstrate any palpable potential of serious harm to human or aquatic life resulting from the violations shown at either Terminal.

ORDER

For the foregoing reasons, the court will enter judgment against defendant Global in the sum of $100,000 as a civil penalty. Whether an award of attorney's fees should be made to CLF (as requested) is a matter the court will consider after receiving a proper application and response.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

[3] As defendants note, EPA has stated that it does not intend to seek penalties for its own part and is satisfied with Global's historical compliance efforts. *See* Dkt # 100 at 2, 5-6. I agree with EPA's implicit finding that Global has acted in good faith in bringing the Chelsea Terminal into compliance with the NPDES permit (if not always with the alacrity that might have been desired).